# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BURZA, | 1:10-cv-02083-DLB (HC) |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| JAMES D. HARTLEY, | |
| Respondent. | [Doc. 1] |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is represented by Michael Evan Beckman, Esq.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on November 9, 2010.  Petitioner challenges the California Board of Parole Hearings' December 3, 2009, decision finding him unsuitable for release.  Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released and the application of Proposition 9 violated his constitutional protection against ex post facto laws.

## DISCUSSION

The Federal Constitution does not create a right to be conditionally released prior to the expiration of a valid sentence.  However, "a state's statutory scheme, if it uses mandatory

language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979).  California's parole statutes allow for release on parole unless there is "some evidence" of the inmates current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-1206 (2008).  In Swarthout v. Cooke, 131 S.Ct. 859 (2011) the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement."  Swarthout, 131 S.Ct at 862. Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to support the parole board's decision.  Id.  Rather, this Court review of parole determinations is limited to whether the "minimal" procedural protections set forth in Greenholtz were meet, that is "an opportunity to be heard and a statement of the reasons why parole was denied."  Id. at 862.

In light of the Supreme Court's holding in Swarthout, Petitioner's challenges to the sufficiency of the evidence to support the parole board's decision are not cognizable under 28 U.S.C. § 2254.  Moreover, Petitioner received the procedural protections set forth in Greenholtz. He was presented and participated in his parole consideration hearing on December 3, 2009. (Pet. Ex. B.)  Petitioner was also advised of the reasons for the parole denial, and he received a copy of the hearing transcripts, which he submitted to the state courts and references in the instant petition.  (Id.)  Therefore, it is clear he received the due process protections required under Greenholtz and Swarthout.  Accordingly, the instant petition for writ of habeas corpus must be denied.

Petitioner's challenge to Proposition 9 is without merit.  As an initial matter, the seven year denial period did not lengthen Petitioner's indeterminate life sentence with the possibility of parole.  Further, Petitioner may request the Board provide him with a new parole hearing prior to the end of the three year period.  Cal. Pen. Code § 3041.5(d)(1) (providing that "[a]n inmate may request that the board exercise its discretion to advance a hearing . . . to an earlier date, by submitting a written request to the board . . . which shall set forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration of the inmate.").

In California Dep't of Corrections v. Morales, 514 U.S. 499 (1995), a California statute changed the frequency of reconsideration hearings for parole from every year to up to three years for prisoners convicted of more than one murder. Id. at 503. The Supreme Court determined the statute did not violate ex post facto because the retroactive application of the change in California law did not create "'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" Garner v. Jones, 529 U.S. 244, 250 (2000), *quoting*, Morales, 514 U.S. at 509. The Supreme Court noted that the law "did not modify the statutory punishment for any particular offenses," it did not "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic structure of California's parole law." Garner, 529 U.S. at 250, *citing*, Morales, 514 U.S. at 507. Likewise, in this case Proposition 9 did not modify the punishment for Petitioner's offense of second degree murder, it did not alter his initial parole eligibility date, and it did not change the basic structure of California's parole law. The board must consider the same factors in determining parole suitability as before. See Cal. Penal Code 3041(b); Cal. Code Regs., tit. 15, § 2402(b).

Nevertheless as noted above, in Garner the Supreme Court found that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S. at 250. In Garner, the Supreme Court determined that an amendment to Georgia's parole law did not violate ex post facto even where the frequency of reconsideration hearings was changed from every three years to every eight years. Id. at 256. The Court held that it could not conclude that the change in Georgia law lengthened the prisoner's time of actual imprisonment because Georgia law vested broad discretion with the parole board to set a prisoner's date of rehearing. Id. at 254-56. In addition, the Court found it significant that the parole board's own policies permitted "expedited parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives new information that would warrant a sooner review." Id. at 254 [Citation.].

Here, the California parole board is still vested with broad discretion in selecting a date of rehearing from three years to 15 years. While it is true that Petitioner is no longer eligible for annual parole review hearings as determined by the Board, and a date must be set at the

1 minimum of three years, the Board retains the discretion, as did the Georgia parole board in
2 Garner, to advance a hearing at any time should there be a change in circumstances. Pursuant to
3 Cal. Penal Code § 3041.5(b)(4), the Board

> may in its discretion, after considering the views and interests of the victim, advance a hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner provided in paragraph (3).

Based on the Supreme Court's holding in Garner, this Court does not find, and Petitioner has not demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes." Garner, 529 U.S. at 251, *quoting*, Morales, 514 U.S. at 509.  This finding is substantiated by the Ninth Circuit's holding in Gilmer v. Schwarzenegger, __ F.3d __, No. 10-15471, 2011 WL 198435 (9th Cir. January 24, 2010), which stated Proposition 9 "did not change the date of inmates' initial parole hearings, and did not change the standard by which the Board determined whether inmates were suitable for parole." Id. at *5.  In addition, even if it is assumed, "that the statutory changes decreasing the frequency of scheduled hearings would create a risk of prolonged incarceration, the availability of advance hearings is relevant to whether the changes in the frequency of parole hearings create a significant risk that prisoners will receive a greater punishment." Id. at *6.  If the hearing is advanced by the Board, any possibility of harm to the prisoner would be removed because he/she would not have to wait the minimum of three years for a hearing.  Id. (citing Morales and Garner.).  For the above reasons, Petitioner's challenge to Proposition 9 must fail.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED with prejudice;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where

the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; <u>Hoffman v. Arave</u>, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

Dated:   **March 2, 2011**                              **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE