# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

PETER BURZA,                                        1:10-cv-02083-LJO-DLB (HC)

                Petitioner,          FINDINGS AND RECOMMENDATION
                                                    REGARDING PETITION FOR WRIT OF
    v.                                            HABEAS CORPUS

                                                    [Doc. 1]
JAMES D. HARTLEY,

                Respondent.
_____/

       Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is represented by Michael Evan Beckman, Esq.

       Petitioner filed the instant petition for writ of habeas corpus on November 9, 2010. Petitioner challenges the California Board of Parole Hearings' December 3, 2009, decision finding him unsuitable for release.  Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released and the application of Proposition 9 violated his constitutional protection against ex post facto laws.

DISCUSSION

       The Federal Constitution does not create a right to be conditionally released prior to the expiration of a valid sentence.  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."

1    Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979).  California's parole statutes allow

2    for release on parole unless there is "some evidence" of the inmates current dangerousness.  In re

3    Lawrence, 44 Cal.4th 1181, 1205-1206 (2008).  In Swarthout v. Cooke, 131 S.Ct. 859 (2011) the

4    United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's

5    'some evidence' rule into a substantive federal requirement."  Swarthout, 131 S.Ct at 862.

6    Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to support

7    the parole board's decision.  Id.  Rather, this Court review of parole determinations is limited to

8    whether the "minimal" procedural protections set forth in Greenholtz were meet, that is "an

9    opportunity to be heard and a statement of the reasons why parole was denied."  Id. at 862.

10       In light of the Supreme Court's holding in Swarthout, Petitioner's challenges to the

11   sufficiency of the evidence to support the parole board's decision are not cognizable under 28

12   U.S.C. § 2254.  Moreover, Petitioner received the procedural protections set forth in Greenholtz.

13   He was presented and participated in his parole consideration hearing on December 3, 2009. (Pet.

14   Ex. B.)  Petitioner was also advised of the reasons for the parole denial, and he received a copy of

15   the hearing transcripts, which he submitted to the state courts and references in the instant

16   petition.  (Id.)  Therefore, it is clear he received the due process protections required under

17   Greenholtz and Swarthout.  Accordingly, the instant petition for writ of habeas corpus must be

18   denied.

19       Petitioner's challenge to Proposition 9 is without merit.  As an initial matter, the seven

20   year denial period did not lengthen Petitioner's indeterminate life sentence with the possibility of

21   parole.  Further, Petitioner may request the Board provide him with a new parole hearing prior to

22   the end of the three year period.  Cal. Pen. Code § 3041.5(d)(1) (providing that "[a]n inmate may

23   request that the board exercise its discretion to advance a hearing . . . to an earlier date, by

24   submitting a written request to the board . . . which shall set forth the change in circumstances or

25   new information that establishes a reasonable likelihood that consideration of the public safety

26   does not require the additional period of incarceration of the inmate.").

27       In California Dep't of Corrections v. Morales, 514 U.S. 499 (1995), a California statute

28   changed the frequency of reconsideration hearings for parole from every year to up to three years

for prisoners convicted of more than one murder. <u>Id.</u> at 503. The Supreme Court determined the statute did not violate ex post facto because the retroactive application of the change in California law did not create "'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" <u>Garner v. Jones</u>, 529 U.S. 244, 250 (2000), *quoting*, <u>Morales</u>, 514 U.S. at 509. The Supreme Court noted that the law "did not modify the statutory punishment for any particular offenses," it did not "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic structure of California's parole law." <u>Garner</u>, 529 U.S. at 250, *citing*, <u>Morales</u>, 514 U.S. at 507. Likewise, in this case Proposition 9 did not modify the punishment for Petitioner's offense of second degree murder, it did not alter his initial parole eligibility date, and it did not change the basic structure of California's parole law. The board must consider the same factors in determining parole suitability as before. <u>See</u> Cal. Penal Code 3041(b); Cal. Code Regs., tit. 15, § 2402(b).

Nevertheless as noted above, in <u>Garner</u> the Supreme Court found that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S. at 250. In <u>Garner</u>, the Supreme Court determined that an amendment to Georgia's parole law did not violate ex post facto even where the frequency of reconsideration hearings was changed from every three years to every eight years. <u>Id.</u> at 256. The Court held that it could not conclude that the change in Georgia law lengthened the prisoner's time of actual imprisonment because Georgia law vested broad discretion with the parole board to set a prisoner's date of rehearing. <u>Id.</u> at 254-56. In addition, the Court found it significant that the parole board's own policies permitted "expedited parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives new information that would warrant a sooner review." <u>Id.</u> at 254 [Citation.].

Here, the California parole board is still vested with broad discretion in selecting a date of rehearing from three years to 15 years. While it is true that Petitioner is no longer eligible for annual parole review hearings as determined by the Board, and a date must be set at the minimum of three years, the Board retains the discretion, as did the Georgia parole board in <u>Garner</u>, to advance a hearing at any time should there be a change in circumstances. Pursuant to

3

1   Cal. Penal Code § 3041.5(b)(4), the Board

2            may in its discretion, after considering the views and interests of the
3            victim, advance a hearing set pursuant to paragraph (3) to an earlier date,
             when a change in circumstances or new information establishes a
4            reasonable likelihood that consideration of the public and victim's safety
             does not require the additional period of incarceration of the prisoner
5            provided in paragraph (3).

6   Based on the Supreme Court's holding in <u>Garner</u>, this Court does not find, and Petitioner has not

7   demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility

8   of producing the prohibited effect of increasing the measure of punishment for covered crimes."

9   <u>Garner</u>, 529 U.S. at 251, *quoting*, <u>Morales</u>, 514 U.S. at 509.  This finding is substantiated by the

10  Ninth Circuit's holding in <u>Gilmer v. Schwarzenegger</u>, __ F.3d __, No. 10-15471, 2011 WL

11  198435 (9th Cir. January 24, 2010), which stated  Proposition 9 "did not change the date of

12  inmates' initial parole hearings, and did not change the standard by which the Board determined

13  whether inmates were suitable for parole." <u>Id</u>. at *5.  In addition, even if it is assumed, "that the

14  statutory changes decreasing the frequency of scheduled hearings would create a risk of

15  prolonged incarceration, the availability of advance hearings is relevant to whether the changes in

16  the frequency of parole hearings create a significant risk that prisoners will receive a greater

17  punishment." <u>Id</u>. at *6.  If the hearing is advanced by the Board, any possibility of harm to the

18  prisoner would be removed because he/she would not have to wait the minimum of three years

19  for a hearing. <u>Id</u>. (citing <u>Morales</u> and <u>Garner</u>.).  For the above reasons, Petitioner's challenge to

20  Proposition 9 must fail.

21                              <u>RECOMMENDATION</u>

22          Based on the foregoing, it is HEREBY RECOMMENDED that:

23          1.      The instant petition for writ of habeas corpus be DENIED with prejudice; and

24          2.      The Clerk of Court is directed to terminate this action.

25          This Findings and Recommendation is submitted to the assigned United States District

26  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

27  Local Rules of Practice for the United States District Court, Eastern District of California.

28  Within thirty (30) days after being served with a copy, any party may file written objections with

4

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


   IT IS SO ORDERED.

   **Dated:**   **March 7, 2011**        _____ **/s/ Dennis L. Beck**_____
                                            UNITED STATES MAGISTRATE JUDGE